IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **MARTIN WESLEY SIMMONS,**<br><br>Plaintiff,<br><br>v.<br><br>**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:13-cv-979-PMW<br><br><br><br>Magistrate Judge Paul M. Warner |

Before the court is Martin Wesley Simmons's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. In April 2010, Plaintiff applied for DIB, alleging disability beginning on May 12, 2007.[1] Plaintiff's application was denied initially and upon reconsideration.[2] On December 2, 2010, Plaintiff

---

[1] *See* docket no. 12, Administrative Record ("Tr. ____") 151-52.

[2] *See* Tr. 84, 86.

requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was held on December 5, 2011.[4]  On January 27, 2012, the ALJ issued a written decision denying Plaintiff's claim for DIB.[5]  On September 13, 2013, the Appeals Council denied Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  See 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

On October 28, 2013, Plaintiff filed his complaint in this case, which was assigned preliminarily to Magistrate Judge Paul M. Warner.[7]  On January 28, 2014, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[8]  Consequently, the case was assigned permanently to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[9]  See 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  The Commissioner filed her answer and the administrative record on February 13, 2014.[10]

---

[3] See Tr. 101-02.

[4] See Tr. 42-82.

[5] See Tr. 20-41.

[6] See Tr. 1-6.

[7] See docket no. 3.

[8] See docket no. 9.

[9] See id.

[10] See docket nos. 10, 12.

Plaintiff filed his opening brief on May 12, 2014.[11]  The Commissioner filed her answer brief on June 4, 2014.[12]  Plaintiff filed his reply brief on June 16, 2014.[13]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance."  *Lax*, 489 F.3d at 1084 (quotations and citation omitted).  "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."  *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).  If a determination can be made at any one

---

[11] *See* docket no. 18.

[12] *See* docket no. 19.

[13] *See* docket no. 20.

of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity.  If [the claimant] is, disability benefits are denied.  If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits.  If, on the other hand, the claimant presents medical evidence and makes the de minimis showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits.  If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(iii).  At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv).  "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751.  If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*.  At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work

4

in the national economy in view of his age, education, and work experience." *Id.*; *see* 20 C.F.R. § 404.1520(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 404.1520(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id.*, he is disabled and entitled to benefits.

## ANALYSIS

Before reaching Plaintiff's specific arguments, the court addresses a preliminary issue. In support of some of his arguments, Plaintiff relies upon a subsequent favorable disability decision. This court will not consider that decision as part of this case.

42 U.S.C. § 405(g), which authorizes judicial review of the Commissioner's decisions, provides:

> As part of the Commissioner's answer[,] the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. 405(g). The Tenth Circuit has explained that the court's review of the Commissioner's decision is limited to a consideration of the pleadings and transcript filed by the Commissioner, and that the court shall not consider evidence not in the record certified by the Commissioner. *See Atteberry v. Finch*, 424 F.2d 36, 39 (10th Cir. 1970) ("Court review of the [Commisioner]'s denial of Social Security disability benefits is limited to a consideration of the pleadings and the transcript filed by the [Commissioner] as required by 42 U.S.C. § 405(g). It is not a trial *de novo*. The court is not at liberty to consider evidence not in the record certified by the

[Commissioner]." (citations omitted)); *see also Watkins v. Barnhart*, No. 1:03-cv-149-SA, 2004 WL 2381265, at *3 n.1 (D. Utah Oct. 21, 2004).

The court now turns to Plaintiff's arguments. Plaintiff contends that the Commissioner's decision in this case should be reversed because the ALJ erred (1) at step two, (2) at step three, (3) in his evaluation of a medical opinion, and (4) at step five. The court will address those arguments in turn.

### I. Step Two

Plaintiff argues that the ALJ erred at step two of the sequential evaluation process by failing to conclude that certain of Plaintiff's alleged impairments were severe impairments. "[A]t step two, the ALJ must consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]." *Carpeneter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (quotations and citations omitted) (second and third alterations in original). The Tenth Circuit has explained that any error committed in that consideration is rendered "harmless when the ALJ reache[s] the proper conclusion that [the claimant] could not be denied benefits conclusively at step two and proceed[s] to the next step of the evaluation sequence." *Id*.

In this case, the ALJ determined that Plaintiff suffered from several severe impairments. Consequently, the ALJ concluded that Plaintiff could not be denied benefits at step two and proceeded to step three of the sequential evaluation process. Therefore, Plaintiff's argument with respect to the ALJ's step two analysis must fail. *See id*.

## II.  Step Three

Plaintiff first argues that the ALJ erred at step three of the sequential evaluation process by concluding that Plaintiff's impairments did not meet or equal section 1.04 of Appendix 1 of the relevant regulations (individually, a "listing" and collectively, the "listings"), *see* 20 C.F.R. § 404, Subpart P, Appendix 1, listing 1.04.  As indicated above, step three "determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity."  *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(iii).  At step three, a claimant has the "burden to present evidence establishing [his] impairments meet or equal listed impairments."  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005).  In order to satisfy this burden, a claimant must establish that his impairment "meet[s] all of the specified medical criteria.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify."  *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).  "To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment."  *Lax*, 489 F.3d at 1085; *see also* 20 C.F.R. § 404.1525.

On this issue, Plaintiff argues that, had the ALJ considered certain of Plaintiff's alleged impairments related to his stroke, it is possible that the ALJ would have concluded that Plaintiff's alleged impairments satisfy the requirements of listing 1.04.  Not only is that argument purely speculative in nature, the ALJ's decision demonstrates that he did consider the alleged impairments related to Plaintiff's stroke when he determined that those alleged impairments were not severe at step two.  Contrary to Plaintiff's argument, the ALJ did not reject those alleged

impairments completely; instead, he simply determined that they did not qualify as severe impairments. Such a determination does not mean that the ALJ did not consider those alleged impairments at step three.

Furthermore, the court notes that Plaintiff merely points to selective portions of the record that support the foregoing argument, which is nothing more than an attempt to reargue the weight of the evidence before the ALJ. Such a tactic is futile on appeal. It is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988). From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *see also Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (quotations and citations omitted) (alteration in original)). In this case, the evidence cited by the Commissioner constitutes substantial evidence to support the ALJ's step three determination.

For those reasons, the court concludes that Plaintiff's argument with respect to step three is without merit.

### III.  Medical Opinion

Plaintiff argues that the ALJ erred at step four by according no weight to the opinion of Plaintiff's treating physician, Dr. Marc Morse ("Dr. Morse").

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight.  To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques.  If the answer to this question is "no," then the inquiry at this stage is complete.  If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record.  If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
>   Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §] 404.1527.  Those factors are:  (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
>   Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight.  If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. § 404.1527(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations.  *See Oldham*, 509 F.3d at 1257 (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review").  As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies  *See, e.g., Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.

In this case, the ALJ relied upon proper factors to support the conclusion that Dr. Morse's opinion was entitled to no weight.  First, the ALJ properly relied upon the fact that Dr. Morse did not actually express an opinion on the form in question, but instead merely checked boxes and circled words.  *See* 20 C.F.R. § 404.1527(c)(3); *see also Chapo v. Astrue*, 682 F.3d 1285, 1289 (10th Cir. 2012) (concluding that an ALJ "properly gave no weight" to a "conclusory form, which lacked any functional findings"); *Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987) (concluding that opinions that "consist[] solely of boxes checked" on a form "standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence").  Second, the ALJ properly relied upon the fact that Dr. Morse's opinions on the form in question were dramatically more restrictive and severe than anything noted in his treatment records.  *See* 20 C.F.R. § 404.1527(c)(3)-(4).  Third, the ALJ properly relied upon the fact that Dr. Morse's opinions on the form in question were dramatically more restrictive and severe than the great weight of the other record evidence.  *See* 20 C.F.R. § 404.1527(c)(4).  Finally, the ALJ properly relied upon the fact that Dr. Morse's opinions on the form in question were both internally inconsistent and inconsistent with his treatment notes.  *See* 20 C.F.R. § 404.1527(c)(4); *see also Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007) ("Medical evidence may be

discounted if it is internally inconsistent or inconsistent with other evidence."). For those reasons, the court concludes that the ALJ did not err in his evaluation of the opinions of Dr. Hardy.

### IV.  Step Five

Finally, Plaintiff argues that the ALJ erred at step five of the sequential evaluation process by relying on the testimony of the vocational expert ("VE") because there are discrepancies between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). As noted by the Commissioner, however, in making many of his arguments about such discrepancies, Plaintiff relies upon alleged limitations that come from his own testimony; his assertion that the ALJ dismissed any limitations related to his stroke; and alleged limitations that come from selective portions of the record that support his arguments, including the opinions of Dr. Morse. Reliance upon that evidence does not support Plaintiff's arguments, for the following reasons. First, the ALJ determined that Plaintiff's testimony was not fully credible, and Plaintiff has not challenged that determination. Second, the court has already rejected Plaintiff's assertion that the ALJ dismissed Plaintiff's impairments related to his stroke, and the court rejects it again here. Third, the court has already concluded that the ALJ did not err by according no weight to the opinions of Dr. Morse. Finally, Plaintiff's attempts to selectively cite portions of the record that support his arguments are, again, nothing more than attempt to reargue the weight of the evidence before the ALJ, which must fail on appeal. *See Oldham*, 509 F.3d at 1257; *Lax*, 489 F.3d at 1084; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.

As for Plaintiff's arguments concerning any other discrepancies between the VE's testimony and the DOT, the court concludes that they are without merit. In this case, the ALJ

11

included all of the limitations of the RFC assessment in the hypothetical provided to the VE. Then, as required by Social Security Ruling ("SSR") 00-4p, the ALJ asked the VE about any conflicts that existed between his testimony and the DOT. *See* SSR 00-4p; *see also Haddock v. Apfel*, 196 F.3d 1084, 1089-92 (10th Cir. 1999). Also as required by SSR 00-4p, the ALJ obtained a reasonable explanation for any such conflicts. *See* SSR 00-4p. The VE testified that the DOT did not include all of the limitations mentioned in the hypothetical, but that his testimony indicating that a person with Plaintiff's RFC could perform the identified jobs was based on his experience and training as a vocational rehabilitation counselor. As noted by the Commissioner, an ALJ may rely upon such testimony if it is based upon the VE's professional experience. *See, e.g.*, *Rogers v. Astrue*, 312 Fed. App'x 138, 142 (10th Cir. 2009) ("Because the VE testified that, on the basis of his professional experience, 11,000 sedentary hand packager jobs existed in the national economy, the apparent conflict between the DOT and the VE's testimony regarding the job's exertional requirement was reasonably explained, and the ALJ could rely on that testimony as substantial evidence to support her determination of nondisability."); *see also Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("We do not mean by our holding that the [DOT] 'trumps' a VE's testimony when there is a conflict about the nature of a job. We hold merely that the ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.").

## **CONCLUSION AND ORDER**

Based on the foregoing, the court concludes that all of Plaintiff's arguments fail.

Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 5th day of February, 2015.

BY THE COURT:

_(signature)_

PAUL M. WARNER
United States Magistrate Judge
